UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, | ) ) ) | |
| Plaintiff, | ) ) | Case No.: 1:20-cv-01937-VSB |
| v. | ) ) ) | |
| PVT Limited, | ) ) | |
| Defendant. | ) ) | |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/2/2020

## AGREED PROTECTIVE ORDER

WHEREAS the parties, Plaintiff National Union Fire Insurance Company of Pittsburg, PA, and Defendant PVT Limited (collectively "the Parties"), acknowledge that some of the documents and materials to be produced in this litigation or to be obtained from third-parties may contain or reflect confidential, proprietary and/or trade secret information and/or other private information that potentially will be detrimental to the business interests of the Parties and their respective related and/or interested non-parties, this Agreed Protective Order ("Order") is being entered into in order to facilitate discovery and to avoid the necessity of motions and proceedings related to discovery among the Parties and to protect the Parties from waiver of confidentiality or prejudice in this action or future litigation.

IT IS HEREBY ORDERED pursuant to Federal Rule of Civil Procedure 26(c)(1) that the following provisions shall govern the handling of such Confidential Information, documents and other materials provided by the Parties in this proceeding.

1. The term "Confidential Information" means trade secrets and other information that is of a confidential, proprietary, business, financial or technical nature and not readily available to competitors, potential competitors or the public, the value of which arises from its

1

privacy and the disclosure of which (whether separately or in conjunction with other information being produced) is believed in good faith by the Parties to have the potential for causing competitive harm to it or giving a competitive advantage to others. Examples of documents that may constitute "Confidential Information" include financial records, customer information, and internal records reflecting mental impressions and decision-making tools and analysis.

2. The term "trade secret" means any formula, pattern, device or compilation of information which is used in a business, and which gives that business an opportunity to obtain an advantage over competitors who do not know or use it, as interpreted by the courts of New York.

3. The term "Producing Party" means the person or entity producing the "Confidential Information." The term "Receiving Party" means each person or entity to whom such Confidential Information was produced or otherwise disclosed. The term "Subject Lawsuit" shall mean and include the above-captioned lawsuit, S.D.N.Y. Case No. 1:20-cv-01937.

4. Whenever a Party hereto believes in good faith that the information or materials being disclosed reflect Confidential Information, that Party may designate such information or materials as confidential by marking the page or pages where such Confidential Information or material is contained "CONFIDENTIAL" prior to disclosure or by other written communication expressly designating the information or material as Confidential Information.

5. To the extent information and materials are produced by third-parties pursuant to subpoenas in this action, those third-parties, or the Parties themselves may designate such information and materials as Confidential Information on behalf of themselves and/or related and/or interested non-parties. Counsel, or a third-party, designating the information or material as Confidential Information shall have fourteen (14) days, or such other time as the Parties

and/or third-party Producing Party may agree in writing, after receipt of such information or material to designate, in writing, the portions thereof to be treated as Confidential Information in accordance with the terms of this Order. Until such a 14-day period has expired, the entire third-party production shall be treated as Confidential Information.

      6.     Any information, document, or material designated as "CONFIDENTIAL" shall not be disclosed by the Receiving Party to anyone other than persons designated herein and listed in Paragraph 7 hereafter; shall be handled by persons designated herein in the manner set forth in this Order; and shall not be used for any purpose other than in this case until such designation is removed by agreement of the Parties, or by subsequent Order of this Court.

      7.     Access to Confidential Information shall be afforded by the Receiving Party only to:

(a) This Court, including court staff and jurors, in accordance with the procedures set forth in paragraph 18;

(b) Any special master, referee, or mediator or arbitrator appointed by the Court, or any mediator or arbitrator agreed upon by the Parties;

(c) Independent court reporters attending or transcribing depositions in this case;

(d) The Parties, including executives and in-house counsel of the Parties who have direct functional responsibility for assisting in matters relating to the proceedings in this case and persons or entities to whom the Parties have a contractual, auditing, statutory or regulatory obligation to report;

(e) Other personnel of the Parties who genuinely need to be consulted by counsel of record, in the discretion of such counsel, in preparation for the trial of the Subject Lawsuit;

(f) Any person indicated on the face of a document marked "CONFIDENTIAL" as its originator, author, or recipient;

(g) Any person of whom testimony is taken in this litigation, and only to the extent necessary for such testimony. Each witness shown Confidential Information shall be advised that the documents, material or information are being disclosed pursuant to and subject to the terms of this stipulation and protective order and reasonable efforts shall be undertaken to obtain the agreement of the witness to

3

abide by the terms of the stipulation and protective order;

(h) Independent experts retained to consult or testify in connection with this case, but only if such persons are not shareholders, officers, directors, or employees of a party to this action, and solely for the purpose of assisting in the preparation for trial or discovery, or for testifying at deposition or trial in this action, and who shall agree in writing to abide by the terms of this Stipulation and Protective Order, as set forth in "**EXHIBIT A – Confidentiality Agreement**" appended hereto.  The agreement executed by the independent expert shall be maintained by counsel for the Party and shall not be required to be disclosed to opposing counsel absent court order for good cause shown;

(i) Counsel of record (including all attorneys, legal assistants and clerical staff within their respective law firms, and third-party service vendors used by counsel of record);

(j) Such other persons as may be designated by written agreement of the Parties to this proceeding and the non-party at issue; and

(k) Any other person(s) designated by Order of this Court, after notice to all parties and the non-party at issue.

8. Each non-lawyer given access to Confidential Information shall be advised that the documents, material or information are being disclosed pursuant to and subject to the terms of this Order and may not be disclosed other than pursuant to this Order.  Each Party will make reasonable efforts to obtain the non-lawyer's agreement to abide by the terms of this Order.

9. Any Party may designate Confidential Information disclosed in a deposition as Confidential Information by indicating on the record at the deposition that the testimony is Confidential Information and is subject to the provisions of this Order.  Each deposition transcript shall be provisionally deemed Confidential Information for a period from the date of the deposition through thirty (30) days after all Parties have received the transcript ("Provisional Designation Period").  The Provisional Designation Period for any deposition transcript may be lengthened or shortened by agreement of the Parties or by order of the Court for good cause shown.

4

10. Prior to the end of the Provisional Designation Period, any party may designate Confidential Information disclosed in a deposition as Confidential Information by notifying all of the Parties, in writing, of the specific pages and lines of the transcript that contain the Confidential Information, or if the entire deposition is confidential, so indicating. If such a designation is made, the Parties shall attach a copy of such written notice or notices to the face of the transcript and each copy of the transcript in their possession, custody or control and shall mark the designated pages of the transcript and copies as provided in Paragraph 4, above.

11. Confidential Information produced by the Parties shall be used solely for the purpose of preparation and trial of the Subject Lawsuit and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms of this Order.

12. Nothing herein shall restrict the use of Confidential Information by the parties in connection with litigating this action or any appeals therefrom, including but not limited to its use in depositions, in support of motion practice, in the trial of this litigation, or during the course of any other judicial hearing, and Confidential Information shall not lose its confidential status by such use.

13. Any person in possession of Confidential Information shall exercise reasonably appropriate care with regard to the storage, custody or use of such information in order to ensure that its confidentiality is maintained.

14. Nothing in this Order shall prevent disclosure beyond the terms of this Order if the Producing Party consents to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure.

15. Inadvertent production of any Confidential Information without a designation as "CONFIDENTIAL" will not be deemed to waive the Producing Party's claim to its confidential

nature or estop it from designating said documents or information as "CONFIDENTIAL" at a later date.  Disclosure of said document or information by others prior to such designation shall not be deemed a violation of this Protective Order.

16. If the Producing Party discovers that it has inadvertently disclosed Confidential Information to a Receiving Party without designating it as such, the Producing Party shall promptly notify the Receiving Party in writing, specifically identifying the information at issue and shall provide to the receiving party replacement documents marked as required in this Order. The Receiving Party shall promptly notify any persons who may have reviewed the inadvertently disclosed Confidential Information before the notice was received that such information shall be treated as Confidential Information.

17. A Receiving Party may object to the designation of information as Confidential Information at any time.  In the event that a Receiving Party disagrees at any stage of these proceedings with the designation ("Disputed Designation") of any information as Confidential Information, the Receiving Party and the Producing Party shall first try to resolve such dispute in good faith on an informal basis pursuant to S.D.N.Y. Local Civil Rules 26.4 and 37.2.  The Receiving Party shall provide written notice to the Producing Party and state the grounds for the objection.  If the dispute remains unresolved after 15 days, the Receiving Party may move the Court to revoke the Disputed Designation.  The Producing Party carries the burden of establishing that the designation is warranted.  Unless and until the objection is resolved, the information or document shall continue to be treated as Confidential Information.

18. In the event that a party wishes to use any Confidential Information in any motion, affidavit, brief, memoranda of law, or other paper that reproduces, paraphrases, summarizes or encloses Confidential Information and which is filed with the Court for any

purpose, such Confidential Information shall be filed in accordance with the Local Rules for the U.S. District Court for the Southern District of New York and the Sealed Records Filing Instructions for the U.S. District Court for the Southern District of New York; provided, however, that all parties understand the decision whether or not to maintain information under seal is for the Court and cannot be controlled by the parties.

19. Within sixty (60) days after the final termination of the Subject Lawsuit, all Confidential Information, all copies thereof, and all summaries of Confidential Information, shall either be returned to the Producing Party or shall be destroyed by the Receiving Party and such destruction shall be certified in writing by the Receiving Party to the Producing Party, *provided*, however, that outside counsel for the parties may maintain a complete set of all deposition transcripts, discovery responses, and documents filed with the Court.

20. Insofar as the provisions of this Order restrict the disclosure and use of information produced, this Order shall continue to be binding after the conclusion of the Subject Lawsuit except that (a) there shall be no restriction on documents that are admitted as exhibits in Court on a non-confidential basis, and (b) a party may seek the written permission of the Producing Party or further Order of this Court with respect to dissolution or modification of this Protective Order.

21. Nothing in this Order shall preclude any party from applying to the Court for modification of the terms of this Order as may be appropriate; provided, however, that prior to any such application, the Parties shall confer with each other and make a good faith effort to resolve the matter by agreement.

22. Nothing in this Order shall preclude any party from applying to the Court for a Protective Order pursuant to Fed. R. Civ. P. 26(c) regarding the production of specific

information or documents not otherwise subject to the provisions of this Order.

23. In the event anyone shall violate or threaten to violate this Order, it is agreed that any aggrieved party may immediately apply to and obtain injunctive relief against such person, and in the event that any aggrieved party shall do so, no respondent person subject to the provisions of this Order shall be permitted to assert that the aggrieved party possesses an adequate remedy at law.

24. Nothing in this Order shall require a Party to produce documents and materials that are privileged or otherwise protected from disclosure. Nothing in this Order shall be deemed to be construed as an admission that any Confidential Information is relevant or otherwise admissible in evidence. The Parties expressly reserve all objections as to the relevance and admissibility of Confidential Information at trial.

By /s/ Andrew T. Houghton
Andrew T. Houghton, Esq.
Karen Schnur, Esq.
**SKARZYNSKI MARICK BLACK LLP**
One Battery Park Plaza, 32nd Floor
New York, NY 10004
Telephone: (212) 820-7700

*Counsel for Plaintiff and Counterclaim-Defendant National Union Fire Insurance Company of Pittsburg, PA*

By /s/ Paul E. Breene
Paul E. Breene, Esq.
**REED SMITH LLP**
599 Lexington Avenue, 22nd Floor
New York, NY 10022
Telephone: (212) 521-6117

Ashley B. Jordan, Esq. (*pro hac vice*)
**REED SMITH LLP**
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071
Telephone: (213) 457-8000

*Counsel for Defendant and Counterclaim-Plaintiff PVT Limited*

**APPROVED AND SO ORDERED**:

Dated: 10/2/2020

Vernon S. Broderick
United States District Judge

8

# EXHIBIT A
# CONFIDENTIALITY AGREEMENT

I hereby acknowledge that I have read the Agreed Protective Order executed by the attorneys of record for the parties and entered by the Court in the above-captioned action, understand the terms of the Agreed Protective Order, and agree to be bound by its terms.

I will hold in confidence and not disclose to anyone not authorized under the Agreed Protective Order any materials containing Confidential Information disclosed to me. I further agree that neither I nor anyone assisting me will use or rely on Confidential disclosed to me for any purpose not authorized under the Agreed Protective Order. Without limiting the generality of this paragraph, I understand that it would be improper to use or rely on Confidential Only Information in connection with my own research or in connection with any consulting for third parties or other work unrelated to the Subject Lawsuit.

At the conclusion of this case, I will return all materials containing Confidential Information which came into my possession, and documents or things which I have prepared relating thereto, to counsel for the party who provided such Confidential Information to me.

I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this case.

Dated: _____     _____
                                    Signature

                                    _____
                                    Printed Name

4838-4475-9501, v. 1

9