**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/21/2021
```

| | |
|---|---|
| **National Union Fire Insurance Company of Pittsburgh, PA,** | |
| **Plaintiff,** | **1:20-cv-01937 (VSB) (SDA)** |
| **-against-** | **OPINION AND ORDER** |
| **PVT Limited,** | |
| **Defendant.** | |

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE:**

Pending before the Court are: (1) a motion by Plaintiff National Union Fire Insurance Company of Pittsburgh, PA ("National Union"), pursuant to Rules 15(a) of the Federal Rules of Civil Procedure, for leave to amend its Complaint to add a cause of action for partial rescission of certain aircraft insurance policies based upon alleged material misrepresentations made by Defendant PVT Limited ("PVT") in its applications for insurance coverage (Pl.'s 6/10/21 Not. of Mot., ECF No. 36), and (2) a motion by PVT, pursuant to Rule 36(b) of the Federal Rules of Civil Procedure, for leave to withdraw and amend certain of its admissions made in response to National Union's First and Third Sets of Requests for Admissions ("RFAs"). (*See* Def.'s 6/25/21 Ltr. Mot., ECF No. 40.) For the reasons set forth below, both motions are GRANTED.

**BACKGROUND**

This is an insurance coverage action in which National Union seeks to determine its obligations to PVT under two business aircraft policies (the "Policies") in connection with the first-party claim for damage in 2019 to a Gulfstream GV-SP (G550) aircraft (the "Aircraft") submitted by PVT, the beneficial owner of the Aircraft and one of the named insureds on the Policies (the "Claim"). (*See* Compl., ECF No. 2, ¶¶ 1-2.) In its Complaint, National Union seeks a

declaratory judgment that it has no duty to indemnify PVT for the Claim. (*See id*. ¶ 63.) As discussed below, National Union now seeks to add a partial rescission claim based, in part, upon PVT's responses to RFAs and PVT, in turn, seeks to amend certain of such responses.

I.     **Facts Relevant To Pending Motions**

In the Aircraft Insurance Application for the 2018-2019 policy, PVT lists "KCEF" as the airport where the Aircraft is "usually based," followed by a check mark next to the word "Hangared." (*See* 2018-2019 Insurance Application, ECF No. 37-5, at 2.) KCEF is the airport code for the Westover Metropolitan Airport in Chicopee, Massachusetts. (*See* Pl.'s Mem., ECF No. 37, at 2 n.2.)[1] Based upon the home airport for the Aircraft, National Union states that it provided PVT with a base airport discount for both the hull and liability coverage, which resulted in a reduction of premium for each of the two Policies at issue in this action. (*See id*. at 2; *see also* Proposed Am. Compl., ECF No. 37-8, ¶ 50.)

As addressed in the Procedural History section below, certain of PVT's written discovery responses contradict the insurance application regarding the issue of where the Aircraft is usually based, giving rise to the motions now before the Court.

II.    **Procedural History**

On March 4, 2020, National Union filed its Complaint in this action. (Compl., ECF No. 2.) On May 8, 2020, PVT filed its Answer, Affirmative Defenses and Counterclaim. (Answer, ECF No. 8.) In its Counterclaim, PVT asserts that National Union breached its obligations under the Policies by wrongfully denying coverage for, and failing to pay PVT's loss as occasioned by, damage to the

---

[1] Certain prior insurance applications submitted by PVT also listed Westover Airport as the home airport for the Aircraft and predecessor aircraft (although some of the prior applications were silent as to the home airport). (*See* Pl.'s Mem. at 1-2.)

Aircraft, and that National Union engaged in bad faith. (*See id*. ¶¶ 57-68.) On May 29, 2020, National Union filed its Answer to the Counterclaim. (Ans. to Counterclaim, ECF No. 11.)

On October 30, 2020, National Union served its first set of interrogatories to PVT. (*See* 3/31/21 Joint Ltr., ECF No. 25, at 1.) On December 10, 2020, PVT served its responses to the interrogatories. (PVT's Rog Responses, ECF No. 37-6.) In response to Interrogatory No. 2, PVT stated that "[f]rom September 2015 until February 2019, the Aircraft was not based or principally hangered in any one location, due to the normal operation of such an aircraft." (*See id*. at 3.)

On December 22, 2020, National Union served its first set of RFAs to PVT. (*See* 3/31/21 Joint Ltr. at 3.) On February 4, 2021, PVT filed its responses to the RFAs. (PVT's Responses to RFAs, ECF No. 37-7.) In response to Request No. 22, which asked PVT to "[a]dmit that from December 7, 2015 to December 7, 2018, the Aircraft was usually based in Massachusetts," PVT responded in part "that during this time period the Aircraft was located in Massachusetts only on rare occasions and for very minor maintenance issues; and that facilities in Massachusetts were used by PVT to store the log books for the Aircraft and to provide the [Federal Aviation Administration ("FAA")] an address to serve notices in relation to the Aircraft's operations." (*See id*. at 5-6.) In response to RFA No. 30, which asked PVT to "[a]dmit that from December 7, 2018 to December 7, 2019, the Aircraft was usually based in Massachusetts," PVT responded in part "that during this time period the Aircraft was located in Massachusetts only on rare occasions and for very minor maintenance issues; and that facilities in Massachusetts were used by PVT to store the log books for the Aircraft and to provide the FAA an address to serve notices in relation to the Aircraft's operations." (*See id*. at 7.)

On June 10, 2021, National Union filed its motion that is now before the Court to amend its Complaint to add a cause of action for partial rescission of the Policies based upon alleged material misrepresentations made by PVT in its applications for insurance coverage regarding the usual location of the Aircraft.[2] (*See* Pl.'s 6/10/21 Not. of Mot.; Pl.'s Mem. at 5-7.) On June 25, 2021, PVT filed its request that also is now before the Court for leave to withdraw and amend certain of its admissions to National Union's first and third sets of RFAs relating to the location of the Aircraft.[3] (*See* Def.'s 6/25/21 Ltr. Mot. at 1-3.) On June 26, 2021, PVT served its amended responses to National Union's first set of interrogatories, in which PVT amended its response to Interrogatory No. 2 regarding the location of the Aircraft. (*See* PVT Am. Rog Responses, ECF No. 58-3, at 2-3.)

On July 12, 2021, this action was referred to me for general pretrial purposes. (*See* Order of Reference, ECF No. 55.)

**LEGAL STANDARDS**

**I.    Motion To Amend Pleading**

Federal Rule of Civil Procedure 15(a) provides that a court should "freely" grant leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision to grant or deny leave to amend is within the trial court's discretion. *See*, *e.g.*, *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The

---

[2] On July 8, 2021, PVT filed its opposition memorandum. (Def.'s Opp. Mem., ECF No. 49.) On July 20, 2021, National Union filed its reply memorandum. (Pl.'s Reply, ECF No. 57.)

[3] Although PVT does not seek to amend its responses to Request Nos. 22 and 30 from National Union's first set of RFAs relating to the location of the Aircraft (which are discussed in the text above), PVT seeks to amend its responses to RFA Nos. 23, 25, 27, 28, 29, 31, 33, 35, 36 and 37 from National Union's first set of RFAs (*see* PVT 7/20/21 Ltr., Ex. 1, ECF No. 58-1) and its responses to RFA Nos. 27, 28, 30, 32, 34, 37, 38, 40, 42 and 44 from National Union's third set of RFAs. (*See* PVT 7/20/21 Ltr., Ex. 2, ECF No. 58-2.)

court may deny leave to amend for "good reason," which involves an analysis of the factors articulated in *Foman*: undue delay, bad faith, futility of amendment or undue prejudice to the opposing party. *See McCarthy v. Dun & Bradstreet Corp*., 482 F.3d 184, 200 (2d Cir. 2007) (citing *Foman*, 371 U.S. at 182). "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6)." *Lucente v. Int'l Bus. Machines Corp*., 310 F.3d 243, 258 (2d Cir. 2002).[4]

## II.   Motion To Withdraw And Amend Admissions

Under Rule 36 of the Federal Rules of Civil Procedure, "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to[,]" among other things, "facts[.]" Fed. R. Civ. P. 36(a)(1)(A). In response to an RFA, "[i]f a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." *Id*. 36(a)(4). Moreover, "[a] denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." *Id*.

A fact that is admitted under Rule 36 "is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). However, "the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." *Id*.

---

[4] "A motion to amend is not a dispositive motion." *Media Glow Digital, LLC v. Panasonic Corp. of N. Am*., No. 16-CV-07907 (PGG), 2020 WL 3483632, at *3 (S.D.N.Y. June 26, 2020). Thus, I am deciding this motion based upon the general pretrial referral.

"Rule 36(b) does not require that a withdrawal not prejudice the requesting party, for withdrawal of a deemed admission will almost always be to the requesting party's detriment." *River Light V, L.P. v. Lin & J Int'l, Inc.*, 299 F.R.D. 61, 63 (S.D.N.Y. 2014). "Instead, a court must look to whether the prejudice that results from allowing the admissions to be withdrawn impacts 'the requesting party in maintaining or defending the action on the merits.'" *United States Sec. & Exch. Comm'n v. Collector's Coffee Inc.*, No. 19-CV-04355 (VM) (GWG), 2021 WL 1783490, at *3 (S.D.N.Y. May 5, 2021) (citing Fed. R. Civ. P. 36(b)). "The prejudice contemplated by Rule 36(b) focuses on the prejudice that [the party receiving the admission] could suffer at trial or close to trial . . . ." *Vecron Exim Ltd. v. Stokes*, No. 17-CV-02944 (CAS) (RAO), 2018 WL 6168022, at *4 (C.D. Cal. June 20, 2018); *see also Collector's Coffee Inc.*, 2021 WL 1783490, at *3 ("prejudice contemplated by the Rule . . . relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously answered by the admissions").

"Under Rule 36(b), the decision to excuse the defendant from its admissions is in the court's discretion." *Collector's Coffee Inc.*, 2021 WL 1783490, at *2 (citation omitted).

## ANALYSIS

## I.     National Union Is Granted Leave To Amend Its Complaint

The Court, in its discretion, grants National Union's motion to amend its Complaint to add a partial rescission claim under the liberal standard of Rule 15.[5] National Union seeks to add a

---

[5] The Court agrees with National Union that Rule 15 is the correct legal standard to apply to the pending motion (*see* Pl.'s Reply at 2-3.), not Rule 16(b), as had been advocated by PVT. (*See* Def.'s Opp. Mem at 7-8.) However, even if Rule 16(b) were applied, the Court finds that good cause exists for the amendment based upon PVT's discovery responses.

partial rescission claim – *i.e.*, to rescind the Policies as to the subject Aircraft only, and not as to other insured aircraft – based upon information it obtained from PVT's interrogatory responses and admissions. In these circumstances, as further addressed below, justice requires that National Union be permitted to amend.

PVT raises two objections to National Union's motion – futility and prejudice (*see* Def.'s Opp. Mem. at 9-18), each of which is addressed in turn.

### A.    National Union's Partial Rescission Claim Is Not Futile

In arguing against National Union's motion to amend, PVT contends that the proposed First Amended Complaint ("FAC") is futile because it does not state a claim for partial rescission. (*See* Def.'s Opp. Mem. at 9.) "Under New York law, 'an insurer may rescind an insurance policy if it was issued in reliance on material misrepresentations.'" *Great Am. Ins. Co. v. Zelik*, No. 19-CV-01805 (JSR), 2020 WL 85102, at *3 (S.D.N.Y. Jan. 6, 2020), *on reconsideration in part*,[6] 439 F. Supp. 3d 284 (S.D.N.Y. 2020) (citing *Fid. & Guar. Ins. Underwriters, Inc. v. Jasam Realty Corp.*, 540 F.3d 133, 139 (2d Cir. 2008)). Moreover, partial rescission is an appropriate remedy where the insurance contract is divisible. *See Zelik*, 2020 WL 85102, at *4.

National Union's proposed FAC alleges that "PVT misrepresented that KCEF was the Aircraft's Home or Base Airport;" that the misrepresentation was material; that National Union relied upon the misrepresentation in setting a reduced premium for the Policies; and that the

---

[6] The reconsideration motion in *Zelik* was granted only on a narrow question regarding attorneys' fees, and not on the issue of partial rescission. *See Zelik*, 439 F. Supp. 3d at 290.

Policies are severable with respect to the Aircraft.[7] (*See* Proposed FAC ¶¶ 103-06.) Thus, National Union has pled the elements of a partial rescission claim.

PVT argues that it did not misrepresent the home or base airport because the policy application question that PVT answered was ambiguous. (*See* Def.'s Mem. at 10.) The Court finds no such ambiguity. The question asked PVT to identify the airport where the insured aircraft is "usually based." (*See* 2018-2019 Insurance Application at 2.) PVT responded by listing "KCEF" (*i.e.*, the airport code for the Westover Metropolitan Airport), followed by a check mark next to the word "Hangared." (*See id*.) This response is contradicted by PVT's own interrogatory response, as well as PVT's admissions, including the admissions that PVT now seeks to amend. Thus, National Union plainly has a plausible basis to allege that a misrepresentation was made by PVT.[8]

PVT also argues that National Union will not be able to demonstrate the materiality of PVT's alleged misrepresentation. (*See* Def.'s Opp. Mem. at 15-16.) "Whether there has been a misrepresentation and the materiality of that misrepresentation are usually questions of fact for the jury; however, where the evidence concerning a material misrepresentation 'is clear and substantially uncontradicted, the matter is one of law for the court to determine.'" *Zelik*, 2020 WL 85102, at *3 (citing *Mutual Benefit Life Ins. Co. v. Morley*, 722 F. Supp. 1048, 1051 (S.D.N.Y.

---

[7] With respect to severability, the proposed FAC alleges that "[t]he Aircraft is a separately identified insured risk under each of the Policies" and that "[t]he Aircraft is separately insured for a specified amount, distinguishable from the other insured aircraft, under each of the Policies." (Proposed FAC, ECF No. 37-8, ¶¶ 75-76.)

[8] Even though PVT has amended its interrogatory response, and is being granted leave to amend certain of its RFA admissions (as set forth below), PVT's initial response and admissions may be used by National Union as evidentiary admissions against PVT (*see* Analysis Section II.B., *infra*) in support of National Union's partial rescission claim.

1989)). While PVT may challenge on a summary judgment motion whether the evidence adduced during discovery is clear and substantially uncontradicted, the Court will not assess such evidence in the context of the pending motion to amend.

Thus, the Court finds that National Union 's partial rescission claim is not futile.

**B.     PVT Will Suffer No Undue Prejudice From The Amendment**

PVT argues that it will be prejudiced by the addition of a partial rescission claim because it will needlessly delay proceedings and complicate the issues. (*See* Def.'s Opp. Mem. at 18.) The Court disagrees and finds no undue prejudice. The issues regarding National Union's partial rescission claim are not complicated or complex. Fact discovery is not due to close until October 1, 2021. (*See* Second Revised Case Mgt. Plan, ECF No. 27, at 1.) Thus, the parties have ample time to conduct discovery regarding the partial rescission claim.

Accordingly, the Court, in its discretion, grants National Union's motion to amend to add a partial rescission claim.

**II.     PVT Is Granted Leave To Withdraw And Amend Its Admissions**

The Court, in its discretion, grants PVT's motion to withdraw and amend its admissions. As discussed below, the Court finds that permitting such withdrawal and amendment will promote the presentation of the merits of the action and will not prejudice National Union in maintaining the action on the merits.

**A.     Presentation Of The Merits Of The Action Will Be Promoted By Granting Leave To PVT**

As set forth above, the Court has granted leave to National Union to amend its Complaint to add a partial rescission claim. National Union bases that claim upon both an interrogatory response given by PVT and certain admissions made by PVT in response to the RFAs. The differing

treatment under the Federal Rules of Civil Procedure for amendments to interrogatory responses, on the one hand, and amendments to admissions made in response to RFAs, on the other, militates in favor of granting PVT's motion.

Under Rule 26(e)(1), a party that has responded to an interrogatory or RFA "must supplement or correct its . . . response . . .  in a timely manner if the party learns that in some material respect the . . . response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). However, "[t]he provisions on withdrawal or amendment of admissions are not entirely compatible with the provisions of Rule 26(e) on supplementation of responses." 8B Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc. Civ.* § 2264 (3d ed.). As the Wright & Miller treatise explains:

> Rule 26(e) says, among other things, that a party is under a duty seasonably to amend a prior response if it obtains information upon the basis of which it knows that the response was incorrect when made, while Rule 36(b) says that it may amend the response only with leave of court and upon making the showing required in that rule. To the extent that there is an inconsistency, the specific provision of Rule 36(b) should control over the general provision of Rule 26(e). The two rules can be reconciled by saying that a party is under a duty promptly to seek to amend its response to a request for admissions when Rule 26(e) imposes such a duty, but that it may not do so unilaterally and must satisfy the court that the requirements of Rule 36(b) are met.

*Id*.

Here, PVT has done exactly what the Wright & Miller treatise contemplates—PVT has made a motion under Rule 36(b) to amend certain of the admissions it made in response to National Union's RFAs. By contrast, with respect to its interrogatory response, PVT already has amended its interrogatory response regarding the location of the aircraft. (*See* PVT Am. Rog Responses at 2.) The Federal Rules of Civil Procedure do not require court approval before a party

amends an interrogatory response. Rather, a party may amend such response pursuant to Rule 26(e). *See* Fed. R. Civ. P. 26(e)(1). Thus, PVT did not seek court approval before amending its interrogatory response.

Unless PVT is granted leave to withdraw and amend its RFA responses, there would be the anomalous situation where one set of written discovery responses by PVT is at odds with another. That is, on the one hand, there would be a sworn interrogatory response made on behalf of PVT (as well as, presumably, sworn deposition testimony) that is at odds with "conclusively established" facts under Rule 36 that are contained in PVTs responses to the RFAs. This could lead to needless confusion. In these circumstances, the Court finds that presentation of the merits of the action to the factfinder will be aided by permitting PVT to withdraw and amend its admissions.

### B.      Lack Of Prejudice

There will be no prejudice to National Union in maintaining the action on the merits. The Court has granted leave to National Union to amend its Complaint to add a partial rescission claim to which PVT's RFA responses relate. National Union has sufficient time to probe PVT's amended responses to the RFAs, since fact discovery does not conclude until October 1, 2021. (Second Revised Case Mgt. Plan at 1.) Moreover, although PVT's prior admissions, which the Court is permitting to be withdrawn and amended, no longer can be used as conclusive judicial admissions, they may be used as evidentiary admissions. *See* 8B Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc. Civ*. § 2264.

## CONCLUSION

For the foregoing reasons, National Union's motion to amend is GRANTED. No later than July 27, 2021, National Union shall file its First Amended Complaint in the form filed at ECF No. 37-8. In addition, PVT's motion to amend its admissions to National Union's First and Third Sets of Requests for Admissions is GRANTED. No later than July 27, 2021, PVT shall serve its amended admissions in the form filed at ECF Nos. 58-1 and 58-2.

The Court also grants the Letter Motions to Seal filed at ECF Nos. 48 and 51. Having reviewed the Kovacs Declaration (ECF No. 52-1), and having considered the documents at issue, in light of the test set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), the Court finds that sealing is warranted. *See Capri Sun GmbH v. Am. Beverage Corporation*, No. 19-CV-01422 (PAE), 2021 WL 2292575, at *1 (S.D.N.Y. June 4, 2021) (granting motion to seal information that if made public could competitively damage disclosing party).

**SO ORDERED.**

Dated:      New York, New York
            July 21, 2021

_____
STEWART D. AARON
United States Magistrate Judge